NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
SAMANTHA W. LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
NATHANIEL PARKER; TINY GIANT
PRODUCTIONS, LLC; ASP FILM, LLC;
TM FILM FINANCE, LLC; and VERTICAL
ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVAN HARDWELL,<br><br>   Plaintiff,<br><br> v.<br><br>NATHANIEL PARKER, an individual, TV FILM FINANCE, LLC d/b/a/ TM FILMS, a California limited liability company; TINY GIANT PRODUCTIONS, LLC *d/b/a* TINY GIANT ENTERTAINMENT, a California limited liability company; VERTICAL ENTERTAINMENT, LLC, a California limited liability company, ASP FILM, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>   Defendant. | Case No. 2:21-cv-9100-DMG-PVC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: March 4, 2022<br>Time: 9:30 a.m.<br>Crtrm: 8C |

## I. INTRODUCTION

Plaintiff suggests that his complaint cannot be dismissed because he has refused to disclose the allegedly infringed work. Opp. at 1. That is not the law. His refusal to provide his Screenplay simply means that the Court must rely on his allegations to assess whether he has adequately pleaded a viable cause of action for copyright infringement.[1] He has not. Tellingly, Plaintiff does not engage with the extensive Ninth Circuit case law cited in Defendants' opening motion, and instead parrots his few allegations of unprotectable similarities and cherry-picks a few *unpublished* Ninth Circuit cases to suggest a supposed new copyright pleading standard that squarely contradicts *binding* precedent.

Contrary to Plaintiff's arguments, this Court does not need expert testimony to conclude that alleged similarities are unprotectable ideas or flow from those ideas. Plaintiff's failure to plead descriptions of *specific, protectable expression* within his Screenplay that could plausibly rise to the level of *substantial* similarity, coupled with his strategic decision to withhold his Screenplay, is fatal to his complaint, which should be dismissed.

## II. THE COURT DOES NOT NEED EXPERT TESTIMONY

Plaintiff's suggestion that substantial similarity "simply cannot be decided on a motion to dismiss" without expert testimony is untrue. Opp. at 7. *See Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1125 (9th Cir. 2018) (affirming dismissal of copyright case for lack of substantial similarity as a matter of law). In fact, courts in this district *routinely* grant motions to dismiss without expert testimony and are affirmed for doing so. *See Masterson v. Walt Disney Co.*, 821 F. App'x

---

[1] Plaintiff notes in his opposition that he offered to give the Screenplay on the condition that Defendants agree to prematurely open discovery. Opp. at 4 n.1. Plaintiff cannot strongarm Defendants into premature discovery by withholding the allegedly infringed work.

REPLY IN SUPPORT OF MOTION TO DISMISS
4885-6804-0206v.1 0118814-000002

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

779, 781 (9th Cir. 2020) (affirming dismissal and explaining that "determining substantial similarity does not necessarily require expert testimony"); *Esplanade Prods. v. Walt Disney Co.*, 768 F. App'x 732, 734 (9th Cir. 2019) (affirming dismissal because "[n]o discovery or expert testimony could show how the works are similar, so the claim is not plausible"); *Shame on You Prods. v. Banks*, 120 F. Supp. 3d 1123, 1147 (C.D. Cal. 2015) (explaining that district courts are "not required to consider expert testimony concerning substantial similarity" and, in fact, they "routinely disregard expert testimony on conducting the extrinsic test for literary works, even where it is otherwise properly before the court"), *aff'd*, 690 F. App'x 519 (9th Cir. 2017). *See also Rice v. Fox Broad.*, 330 F.3d 1170, 1180 (9th Cir. 2003) (district court "was well within its discretion" to disregard expert testimony where court's own analysis led to conclusion that substantial similarity claims were 'either foreclosed by the limiting doctrines of merger and *scenes a faire,* or too abstract to constitute copyright infringement'").

Plaintiff contends that the unpublished case *Alfred v. Walt Disney Co.*, 821 F. App'x 727 (9th Cir. 2020), sets a "new standard for a court to consider when deciding whether to dismiss." Opp. at 6. Of course, until the Ninth Circuit *publishes* a case that holds otherwise, *Rentmeester* remains binding precedent in this Circuit. Moreover, the *Alfred* court reversed because the district court failed to address the plaintiff's selection-and-arrangement theory (which Plaintiff has not alleged here) and because it concluded that expert testimony would be helpful given the particular circumstances of that case, including that "the works in question are almost twenty years old and the blockbuster *Pirates of the Caribbean* film franchise may itself have shaped what are now considered pirate-movie tropes." *Alfred*, 821 F. App'x at 729 (reversing *Alfred v. Walt Disney Co.*, 388 F. Supp. 3d 1174 (C.D. Cal. 2019) (Marshall, J.)).

Plaintiff points to two later opinions from Judge Marshall in which the court denies motions to dismiss based on its reversal in *Alfred*, Opp. at 6 (citing *Woodall*

2
REPLY IN SUPPORT OF MOTION TO DISMISS
4885-6804-0206v.1 0118814-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*v. Walt Disney Co.*, 2021 WL 2982305, at *6 (C.D. Cal. Apr. 14, 2021); *Irish Rover Entm't, LLC v. Sims*, 2021 WL 408199, at *2 (C.D. Cal. Jan. 21, 2021)), but the suggestion in those cases that *Alfred* now requires expert testimony to assess substantial similarity squarely contradicts the still-binding *Rentmeester*. And in *Jones v. Twentieth Century Studios, Inc.*, 2021 WL 6752228 (C.D. Cal. Dec. 7, 2021), the court merely held that, in that particular case, "there are enough similarities between the works for reasonable minds to differ on the issue of substantial similarity" because the "plot sequencing of both works revolve around similar character relationships and there are several shared elements of theme, setting, and pace." *Id.* at *6.

There is no dispute that district courts may allow expert discovery where such discovery could have a material impact on the substantial similarity analysis. In *this* case, however, based on Plaintiff's allegations, expert testimony would not change the fact that the alleged similarities between the works constitute unprotectable ideas, *scenes a faire*, and generic elements, and do not rise to the level of substantial similarity as a matter of law. *See, e.g., Benay v. Warner Bros. Entm't*, 607 F.3d 620, 625 (9th Cir. 2010) (no substantial similarity as a matter of law despite numerous alleged similarities and a lower burden due to the inverse-ratio rule); *Funky Films v. Time Warner Entm't*, 462 F.3d 1072, 1077-1078, 1082 (9th Cir. 2006) (same).[2] Plaintiff does not identify any particular expert discovery he believes would be relevant to the substantial similarity analysis, because there is none.[3]

---

[2] In *Skimore v. Zeppelin*, 952 F.3d 1051, 1069 (9th Cir. 2020), the Ninth Circuit "excise[d]" the inverse-ratio rule "from copyright analysis" due to "the constellation of problems and inconsistencies in the application" of the rule. As a result, the threshold to show substantial similarity is even higher in this case than in *Benay* or *Funky Films*.

[3] Plaintiff also recites a partial, out-of-context quotation from a concurring opinion to an unpublished decision in *Astor-White v. Strong*, 733 F. App'x 407 (9th

REPLY IN SUPPORT OF MOTION TO DISMISS
4885-6804-0206v.1 0118814-000002

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff cannot survive dismissal simply by proclaiming that he needs expert testimony. Based on his own allegations and his strategic choice to withhold the allegedly infringed work, the complaint does not state a valid claim for copyright infringement as a matter of law.

## III.   PLAINTIFF FAILS TO PLEAD FACTS SUPPORTING A PLAUSIBLE CLAIM OF COPYRIGHT INFRINGEMENT

Courts "may place '*no* reliance upon any similarity in expression resulting from' unprotectable elements." *Apple v. Microsoft*, 35 F.3d 1435, 1446 (9th Cir. 1994) (emphasis in original; citation omitted). This principle holds even if Plaintiff was "the first to come up with an idea," because nobody may "corner the market" for ideas. *Id.* at 1443. Plaintiff does not expressly dispute these undeniable principles, but repeatedly – and incorrectly – argues that he owns unprotectable elements in the Screenplay and that he was the first person to think of featuring these real-world themes in a film (which is irrelevant, even if somehow true). Plaintiff's opposition also focuses on various other possible ideas the parties could have used in their works rather than providing more information about any *specific protectable expression* from his Screenplay or how that protectable expression is infringed by the Film.

Most importantly, Plaintiff argues that all he must do is put the Defendants "on notice" of the claim (Opp. at 4, 9, 11, 14, 15, 16), but he must do more than that – he must plead a *plausible* claim for relief. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a claim is only plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). In *Rentmeester*, for example, the

---

Cir. 2018). Opp. at 6. In *Astor-White*, however, the court *agreed* that the works were not substantially similar as a matter of law, but reversed to allow the *pro se* plaintiff to amend his complaint (which was dismissed again, and then affirmed on appeal). *See Astor-White v. Strong*, 817 F. App'x 502, 504 (9th Cir. 2020).

4
REPLY IN SUPPORT OF MOTION TO DISMISS
4885-6804-0206v.1 0118814-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ninth Circuit affirmed a dismissal – i.e., agreed that the plaintiff's copyright claim was not plausible – where there was no substantial similarity between the works' protected expression as a matter of law. 883 F.3d at 1121, 1125. The same is true here – Plaintiff has not established that his claims are plausible because, based on his allegations, the works are not substantially similar as a matter of law.

**A.     Plot**

As explained in Defendants' motion, the plot similarities alleged in the complaint consist of unprotectable ideas, *scenes a faire*, and otherwise unprotectable and generic elements. *See* Mot. at 10-13.[4]

The opposition protests that the complaint "lists 17 points of similarity in the *premise* between the Screenplay and the Film" and that Plaintiff's "*ideas* require imagination and creativity." Opp. at 7, 8 (emphases added). *See also* Opp. at 8 ("This is an original *premise* which is fully protected by copyright law") (emphasis added). No matter how imaginative, creative, or original the idea or premise, *it is unprotectable as a matter of law*. *See Rentmeester*, 883 F.3d at 1117 (explaining that "a defendant incurs no liability" for the alleged use of "the 'ideas' or 'concepts' used in the plaintiff's work").[5]

---

[4] Plaintiff complains that Defendants "ask[] the court to consider material outside of the pleadings," like movies including *Batman Begins*, *Spider-Man*, and *Watchmen*, among others – "to support their argument that certain premises are 'generic.'" Opp. at 14-15. Defendants have not requested judicial notice of these works and reference them only illustratively; regardless, Plaintiff cannot meaningfully contest that, for example, vigilante justice is a common cinematic theme and plot motivation.

[5] Plaintiff also argues that "even if none of these plot elements is remarkably unusual in and of itself, the fact that both scripts contain all of these similarities gives rise to a triable question of substantial similarity of protected expression." Opp. at 8 (emphasis in original). Plaintiff misses the point – the alleged plot elements are *not* protected expression, they are ideas, which are unprotectable alone and unprotectable in combination. *Rentmeester*, 883 F.3d at 1123.

REPLY IN SUPPORT OF MOTION TO DISMISS
4885-6804-0206v.1 0118814-000002
5
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

While Defendants agree with Plaintiff that the *specific expression* of these ideas may be protectable, Opp. at 8, Plaintiff fails to allege how they are expressed and has steadfastly refused to provide the Screenplay showing how they are expressed. Instead, Plaintiff argues that the parties could have made different choices, which has nothing to do with whether the alleged similarities are protectable, and if there are any protectable similarities, whether they are significant enough to plausibly render the works substantially similar.

**B.     Theme**

Again, rather than explain how the alleged similarities between the works' themes play out in the Screenplay or Film with any specificity, the opposition hypothesizes about other possible ideas Plaintiff or Defendants could have incorporated into their works. Opp. at 10-11. This deflection does not change the fact that themes of "justice," "society," and "social media" are, at most, unprotectable *scenes a faire* in modern works about police brutality. *See* Mot. at 13-14. Moreover, as explained in Defendants' motion, the Film does *not* incorporate a theme of "social media," but instead incorporates *news media* coverage of the police precinct takeover and the main character's insistence that the show trial be documented by student filmmakers. *See id.* at 4, 14. And while Plaintiff argues that there "is not any one particular theme that a movie dealing with the subject of a wrongful police shooting must have," Opp. at 10, it seems difficult to portray such a subject without exploring themes like justice and injustice.

**C.     Characters**

The fact that Plaintiff can boil down his allegations regarding the works' characters to "the aggrieved father looking for justice, the good son killed when standing up to police, the racist white cop who finally admits to his wrongdoing, and the black police lieutenant torn between the black community and the community of police officers" (Opp. at 11) underscores how generically these characters are pleaded. Beyond that, Plaintiff's opposition ignores the extensive

REPLY IN SUPPORT OF MOTION TO DISMISS
4885-6804-0206v.1 0118814-000002

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

differences between the allegedly similar characters – for example, that Plaintiff's father character is a former gang member who became a limo driver whereas Defendants' father character is a military veteran who sacrificed his career to work as a janitor to provide for his son's education. *See* Mot. at 14-17. While Plaintiff is not required to attach his Screenplay to his complaint, he cannot simply point to unprotectable similarities between characters to avoid dismissal.

### D. Setting

Plaintiff concedes that the works take place in different cities – the Screenplay in Houston and the Film in LA. Opp. at 12. The idea of a police shooting happening in a big city on the Fourth of July weekend is unprotectable. Indeed, in *Benay* – cited throughout Defendants' motion and unaddressed in Plaintiff's opposition – the Ninth Circuit found the works' shared settings like "a scene of the protagonist sailing into Japan, scenes in the Imperial Palace, scenes on the Imperial Palace's training grounds, and battle scenes in various places in Japan" were unprotectable. 607 F.3d at 627-628. Moreover, Plaintiff concedes that setting the shooting on the Fourth of July weekend "makes the dramatic point that there is no 'liberty and justice for all,'" Opp. at 12 – flowing naturally from the work's allegedly shared theme of "justice" and therefore unprotectable as *scenes a faire*.[6]

Plaintiff makes much over the works allegedly including scenes in the Houston or Los Angeles City Hall. As explained in the opening motion, the Film does not actually take place in City Hall. While at one point the character tells his estranged wife that he's "at City Hall" (Ex. 1 at 36:13), the Film makes clear that the show trial plays out at the Los Angeles police precinct. *See id.* at 30:23 (TV headline "Police Precinct Under Fire in Hostage Crisis); 33:26 (same headline with broadcaster noting that armed men have stormed the "police department"); 1:23:25

---

[6] Plaintiff claims the choice is not "obvious," Opp. at 12, but of course obviousness is not the standard for protectable expression.

7

REPLY IN SUPPORT OF MOTION TO DISMISS
4885-6804-0206v.1 0118814-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(broadcaster saying Lincoln was shot "when he attempted to exit the downtown police department"). Regardless, it is no surprise that a work about police shootings would include settings at a government building. These alleged similarities in setting are much less significant than in *Benay* and flow from the works' premise.

### E. Dialogue

Rather than counter Defendants' extensive explanation of how Plaintiff's allegations as to dialogue fall short of alleging protectable expression (Mot. at 18-19), Plaintiff's opposition instead argues that "Defendants (or Defendants' counsel) have not been recognized as experts in the area of screenplay dialogue," that "[t]here cannot be a *per se* rule of how much dialogue must be alleged to be similar," and that "it is certainly possible to have copyright infringement even though there is no dialogue stolen at all." Opp. at 13. The Court does not need expert testimony to find that, for example, two works about a father seeking justice including phrases like "I'm here to get justice" (the Screenplay)" or "I just want justice" (the Film) is not a protectable similarity. *See* Section II.

### F. Mood and Pace

Neither the complaint nor the opposition addresses the works' moods or paces at all. Accordingly, Plaintiff appears to concede that these elements are expressed differently in the Screenplay and Film.

## IV. PLAINTIFF'S SECOND CAUSE OF ACTION FAILS

Plaintiff does not dispute that if his direct infringement claim fails, so too does his second cause of action for the Film's distribution. *See Fox Broad. Co. v. Dish Network*, 747 F.3d 1060, 1068 (9th Cir. 2014).

## V. CONCLUSION

The complaint fails to plausibly plead that the specific protectable expression in the works at issue are substantially similar. Defendants respectfully request that the Court dismiss his complaint.

REPLY IN SUPPORT OF MOTION TO DISMISS
4885-6804-0206v.1 0118814-000002

8

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | | |
|---|---|---|
| DATED: February 18, 2022 | | Respectfully submitted, |
| | | DAVIS WRIGHT TREMAINE LLP<br>NICOLAS A. JAMPOL<br>CYDNEY SWOFFORD FREEMAN<br>SAMANTHA W. LACHMAN |

By:  /s/ Nicolas A. Jampol
         Nicolas A. Jampol

Attorneys for Defendants

9

REPLY IN SUPPORT OF MOTION TO DISMISS
4885-6804-0206v.1 0118814-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899