UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 21-9100-DMG (PVCx) ✓ <br> CV 23-2478-DMG (PVCx) | Date | May 10, 2023 |
|---|---|---|---|

| Title | Avan Hardwell v. Nathaniel Parker, et al. | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO DISMISS [45] AND *EX PARTE* APPLICATIONS [47, 53, 54]; AND THE PARTIES' RESPONSES TO THE COURT'S ORDER TO SHOW CAUSE [50]**

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

On March 7, 2023, Plaintiff Avan Hardwell filed the operative First Amended Complaint against Defendants Nathaniel Parker, Tiny Giant Productions, LLC, ASP Film, LLC, TM Film Finance, LLC, and Vertical Entertainment, LLC in *Hardwell v. Parker*, CV 21-9100-DMG (PVCx) ("*Hardwell v. Parker I*"). [Doc. # 44 ("FAC").][1] In the FAC, Hardwell alleges that Defendants' movie *American Skin* infringes on his copyright of his original screenplay titled *First and Constitution*. *Id.* ¶¶ 11–12, 26.

In his original Complaint, Hardwell alleged that Defendants had infringed on a *First and Constitution* registration he received from the U.S. Copyright Office on September 13, 2016, under the registration number TXu002020036 (the "Original Screenplay"). Compl. ¶ 11 [Doc. # 1]. On August 28, 2022, Hardwell received a registration for a revised version of the *First and Constitution* screenplay from the U.S. Copyright Office, under the same registration number (the "Revised Screenplay."). FAC ¶ 12. He filed his FAC to add claims relating to the Revised Screenplay after the Court granted him leave to amend based on the second registration. [Doc. # 43.]

On April 3, 2023, Hardwell filed a second lawsuit against the same defendants, alleging near-identical claims of infringement. This time, he based his claims on Defendants' alleged infringement of both versions of the screenplay of *First and Constitution*. *See generally*

---

[1] Unless otherwise indicated, all docket citations in this Order refer to the docket in the lead case, *Hardwell v. Parker I*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 21-9100-DMG (PVCx)** ✓ <br> **CV 23-2478-DMG (PVCx)** | Date | May 10, 2023 |
|---|---|---|---|
| Title | *Avan Hardwell v. Nathaniel Parker, et al.* | | Page 2 of 4 |

Complaint, *Hardwell v. Parker*, No. CV 23-2478-DMG (PVCx) (C.D. Cal. Apr. 3, 2023) ("*Hardwell v. Parker II*"), Doc. # 1.

In response to the second case, Defendants filed multiple *ex parte* applications ("EPA") seeking to modify the scheduling order and continue the trial date in *Hardwell v. Parker I*. [Doc. ## 47, 53, 54 ("EPAs").] On April 18, 2023, the Court issued an Order to Show Cause ("OSC") asking the parties whether dismissal of the second action or consolidation of the two cases was appropriate. [Doc. # 50.] Having considered the parties' written submissions, the Court **GRANTS** Defendants' MTD in *Hardwell v. Parker I*, **DENIES as moot** Defendants' EPAs in *Hardwell v. Parker I*, and **DECLINES** to consolidate the cases.

## II.
## LEGAL STANDARD

The Court set forth the applicable rule 12(b)(6) standard for dismissal of a complaint in its Order denying Defendants' motion to dismiss Hardwell's original Complaint, and incorporates it by reference here. Ord. re Defs.' Mot. To Dismiss at 3 [Doc. # 19 ("Prior MTD Ord.")].[2]

## III.
## DISCUSSION

Defendants now move to dismiss Hardwell's FAC in its entirety. MTD at 8. They argue that Hardwell's claims must fail because (1) Defendants never had access to the Original Screenplay, so Hardwell's allegations were actually based on the Revised Screenplay, not the Original Screenplay as originally alleged; and (2) the Revised Screenplay was unregistered at the time the lawsuit was filed, defying the Supreme Court's holding in *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019) ("*Fourth Estate*"). MTD at 8, 10.

**A. Original Screenplay**

The Court will briefly address the Original Screenplay before turning to its analysis of the Revised Screenplay, since the Original Screenplay's registration was the basis of its prior Order denying Defendants' motion to dismiss. *See* Prior MTD Ord. at 4. Hardwell now concedes in his FAC in *Hardwell v. Parker I* and his Complaint in *Hardwell v. Parker II* that Defendants

---

[2] All page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 21-9100-DMG (PVCx) ✓<br>CV 23-2478-DMG (PVCx) | Date | May 10, 2023 |
| Title | Avan Hardwell v. Nathaniel Parker, et al. | Page | 3 of 4 |

never had access to the Original Screenplay after all.  FAC ¶ 18; Compl. ¶ 18, *Hardwell v. Parker II*; *see also* MTD at 9–10.

Where a plaintiff in a copyright suit lacks direct evidence that a defendant copied her work, proof of access, or "an opportunity to view or to copy plaintiff's work," becomes a necessary element of her claim.  *L.A. Printex Indus.*, *Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012), *abrogated on other grounds as recognized by Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 959 F.3d 1194, 1198 (9th Cir. 2020); *see also Gray v. Hudson*, 28 F.4th 87, 96 (9th Cir. 2022) (requiring plaintiffs to show that "defendants had access to their work") (internal quotation and citation omitted).

Since Hardwell has conceded that Defendants did not have access to the Original Screenplay, any claims of infringement of material *solely* contained in the Original Screenplay, and not in the Revised Screenplay, are **DISMISSED with prejudice**.

**B.     Revised Screenplay**

In *Fourth Estate*, the Supreme Court explained that the registration of a copyright under 18 U.S.C. section 411(a) is "akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights."  139 S. Ct. at 887.  It is undisputed in this case that Hardwell did not receive the copyright registration on the Revised Screenplay until after he filed *Hardwell v. Parker I*.  FAC ¶ 11.  *Fourth Estate* does not contain any instructions, however, relating to amending a complaint to add claims for copyright registrations that the plaintiff received *after* the lawsuit was filed.

In support of their argument, Defendants provide numerous cases in which district courts have held—post-*Fourth Estate*—that section 411(a)'s registration requirement applies even where a plaintiff amends the complaint after a work is registered.  MTD at 9 (citing *Kifle v. YouTube LLC*, 2021 WL 1530942, at *2 (N.D. Cal. Apr. 19, 2021); *Washoutpan.com, LLC v. HD Supply Constr. Supply, Ltd.*, No. CV 19-494-AB (JEMx), 2019 WL 9050859, at *3 (C.D. Cal. Aug. 5, 2019); *Izmo, Inc. v. Roadster*, 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019); *Malibu Media, LLC v. Doe*, 2019 WL 1454317, at *3 (S.D.N.Y. Apr. 2, 2019)).  Since Hardwell does not identify any caselaw in the posture of a motion to dismiss that holds otherwise, the Court adopts this position.  *See* MTD at 10–12, 11 n.4.

Hardwell opposes Defendants' MTD in part on the basis that the Court "has already ruled that Plaintiff alleged sufficient similarities between his Screenplay and Defendants' movie."

| | | | |
|---|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | | JS-6 |
| Case No. | **CV 21-9100-DMG (PVCx)** ✓<br>**CV 23-2478-DMG (PVCx)** | Date | May 10, 2023 |
| Title | *Avan Hardwell v. Nathaniel Parker, et al.* | Page | 4 of 4 |

MTD Opp. at 7. Not so. As stated above, the Court's prior Order was predicated on materially distinct allegations, which did not distinguish between the two screenplays. In light of the revised allegations, the Court's prior Order does not control the outcome of this MTD. *See* MTD Reply at 5–6.

While the Court ultimately agrees with Defendants' position on the applicability of *Fourth Estate*, it sees no reason to dismiss *Hardwell v. Parker I* with prejudice. In each of Defendants' cited cases granting motions to dismiss, courts dismissed without prejudice, allowing the plaintiff to refile an action after satisfying *Fourth Estate*'s registration requirement. *See Washoutpan.com*, 2019 WL 9050859, at *3; *Izmo, Inc.*, 2019 WL 2359228, at *2; *Malibu Media*, 2019 WL 1454317, at *4. Hardwell has done so here, in *Hardwell v. Parker II*.

Accordingly, Hardwell's claims in *Hardwell v. Parker I* that are premised on the Revised Screenplay are **DISMISSED without prejudice**.[3] *See also Bojorquez v. Abercrombie & Fitch, Co.*, 193 F. Supp. 3d 1117, 1123–24 (C.D. Cal. June 16, 2016) (courts may manage their docket to prevent claim splitting). Notwithstanding Defendants' contentions in their OSC response, this will not cause them undue prejudice. *See* Defs.' Resp. re OSC at 5 n.1 [Doc. # 52]. They already asked for an extension of case management deadlines in their EPAs in *Hardwell v. Parker I*. EPA at 5. While the EPAs are **DENIED as moot** due to the Court's dismissal of *Hardwell v. Parker I*, this outcome affords Defendants the requested relief because they can obtain the discovery they seek in *Hardwell v. Parker II*, in which a scheduling order is yet to be issued.

## IV.
## CONCLUSION

In light of the foregoing, Defendants' motion to dismiss the FAC in *Hardwell v. Parker I* is **GRANTED**, with prejudice as to claims based solely on the Original Screenplay and without prejudice as to claims based on the Revised Screenplay, and their EPAs are **DENIED as moot**. Since *Hardwell v. Parker I* will be dismissed, there is no longer duplicative litigation subject to consolidation. The April 18, 2023 OSC is **DISCHARGED**.

**IT IS SO ORDERED**.

---

[3] Since the Court has concluded that Hardwell's claims based on the Original Screenplay are dismissed with prejudice, any allegations in *Hardwell v. Parker II* that are based *solely* on the Original Screenplay, not the Revised Screenplay, would be collaterally estopped.